# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

BOBBY McREYNOLDS                                                                                       PLAINTIFF
ADC #088361

v.                                              4:20-cv-00920-BRW-JJV

RONALD CHISM, *et al*.                                                                              DEFENDANTS

## ORDER

Plaintiff Bobby McReynolds ("Plaintiff"), an inmate at the East Arkansas Regional Unit, filed this action and an Application to Proceed Without Prepayment of Fees ("Application") (Doc. Nos. 1, 2.)  After a thorough review of his litigative history, however, I deny his Application. (Doc. No. 2.)

The Prison Litigation Reform Act ("PLRA") of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g).  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  It reads, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  I have determined that Plaintiff is a "three-striker" within the meaning of the PLRA.[1]

---

[1] Plaintiff has had at least three 42 U.S.C. § 1983 cases dismissed for failure to state a claim upon which relief may be granted: *McReynolds v. Brown*, 5:94cv00769-SMR (E.D. Ark.); *McReynolds v. May*, 1:17cv00009-JLH (E.D. Ark.); *McReynolds v. Harris*, 5:18cv00107-JM (E.D. Ark.).

Plaintiff may still proceed *in forma pauperis* if he is in imminent danger of serious physical injury. The United States Court of Appeals for the Eighth Circuit has explained that this exception applies only if a threat of imminent danger exists at the time of the filing of the complaint. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. *Martin*, 319 F.3d at 1050.

Plaintiff sued thirteen individuals he identifies as employed the Arkansas Department of Corrections. (Doc. No. 1.) His complaints are related to Therapeutic Community ("T.C.") through Mental Health and the Parole Board and Plaintiff's being unable to parole out. (*Id*. at 7-9.) Plaintiff alleged retaliation and claims that the T.C. staff is cruel and failed to follow certain policies. (*Id*. at 7, 11, .) He also alleged false disciplinaries. According to Plaintiff, "[a]ll he wanted to do was do [his] program and go home." (*Id*. at 22.) He seeks damages. (*Id*. at 23.)

Plaintiff points out that he has been through a riot, exposed to Covid-19, electrocuted by a ceiling light, "put in the max," and that the staff at Tucker puts inmate lives in jeopardy by letting inmates govern over the "wpus and hold sanction court." (*Id*. at 7, 22.) The imminent danger exception, however, "focuses on the risk that the conduct complained of threatens continuing or future injury . . . ." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Any references to imminent danger through riot, exposure to Covid-19, and electrocution by a ceiling light do not appear to relate to the conduct of which Plaintiff complains. To the extent Plaintiff claims staff at the Tucker Unit put inmate lives in danger, Plaintiff is not housed at the Tucker Unit—he is in the East Arkansas Regional Unit. Similarly, nothing in the record indicates that Plaintiff is "in the

max" now, or how being "in the max" would place him at imminent risk of serious harm.  Further, the record otherwise does not indicate impending harm.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2) is DENIED.

2. Plaintiff must submit the statutory filing fee of $400.0 to the Clerk, noting the above case style and number, within fourteen (14) days of the date of this Order if he wishes to proceed with this action.  Failure to do so will result in the dismissal of this action without prejudice.

Dated this 12th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE