IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BOBBY McREYNOLDS                                                                                    PLAINTIFF
ADC #088361

v.                                                 4:20-cv00920-BRW-JJV

RONALD CHISM, *et al*.                                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Bobby McReynolds ("Plaintiff") is incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Corrections and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff sued thirteen individuals he identifies as employed the Arkansas Department of Corrections. (Doc. No. 1.) His complaints are related to Therapeutic Community ("T.C.") through Mental Health and the Parole Board, and Plaintiff's being unable to parole out. (*Id*. at 7-9.) Plaintiff alleged retaliation and claims the T.C. staff is cruel and failed to follow certain policies. (*Id*. at 7, 11.) He also alleged false disciplinaries. According to Plaintiff, "[a]ll he wanted to do was do [his] program and go home." (*Id*. at 22.) He seeks damages. (*Id*. at 23.) On August 12, 2020, I denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* based on his litigation history. (Doc. Nos. 2, 3.)

I noted in the August 12 Order that Plaintiff alleges he has been through a riot, exposed to Covid-19, electrocuted by a ceiling light, "put in the max," and that the staff at Tucker puts inmate lives in jeopardy by letting inmates govern over the "wpus and hold sanction court." (Doc. No. 1 at 7, 22.) The imminent danger exception, however, "focuses on the risk that the conduct complained of threatens continuing or future injury . . . ." *Martin v. Shelton*, 319 F.3d 1048, 1050

(8th Cir. 2003). And any references to imminent danger through riot, exposure to Covid-19, and electrocution by a ceiling light do not appear to relate to the conduct of which Plaintiff complains. To the extent Plaintiff claims staff at the Tucker Unit put inmate lives in danger, Plaintiff is not housed at the Tucker Unit—he is in the East Arkansas Regional Unit. Similarly, nothing in the record indicates that Plaintiff is "in the max" now, or how being "in the max" would place him at imminent risk of serious harm. Further, the record otherwise does not indicate impending harm.

Because Plaintiff's Complaint did not indicate that he is in imminent danger of serious physical harm as contemplated by 28 U.S.C. § 1915(g), I directed him to pay the $400.00 filing and administrative fee within fourteen days if he wished to proceed with this lawsuit. (Doc. No. 3.) More than fourteen days have passed since the August 12, 2020 Order was entered and Plaintiff has not paid the filing fee or otherwise responded to the Order.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 3rd day of September 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE